IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LEVI ARTHUR FEDD,

        Petitioner,

v.

STATE OF GEORGIA.,

        Respondent.

No. 5:19-cv-00467-MTT-MSH

## ORDER OF DISMISSAL

Plaintiff Levi Arthur Fedd, an inmate in Ware State Prison in Waycross, Georgia, has filed a *pro se* motion for a writ of mandamus, Mot. for Writ of Mandamus, ECF No. 1, and a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**, and his motion for a writ of mandamus is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wants to proceed on his claims, he must file a new action and pay the full $400.00 filing fee.

### I. Motion to Proceed *In Forma Pauperis*

With regard to a motion for leave to proceed *in forma pauperis*, federal law prohibits a prisoner from bringing a civil action[1] in federal court *in forma pauperis*

---

[1] Petitions for mandamus qualify as "civil actions" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before the enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (second alteration in original)); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner,

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g.*, Order Dismissing Appeal, *Fedd v. Swanner*, Case No. 16-11318-G (11th Cir. June 30, 2017) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Fedd. v. Singh*, Case No. 16-11805 (11th Cir. Feb. 2, 2017) (three-judge panel dismissing appeal as frivolous); Order Dismissing Compl., *Fedd. v. Almedom*, Case No. 5:15-cv-00104-MTT-CHW (M.D. Ga. Feb. 12, 2016) ECF No. 48 (dismissing for failure to state a claim and failure to exhaust). Petitioner is

---

contemplating the filing of a complaint . . . under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply.").

accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff seeks an order directing that the State provide him with a transcript of his trial so that he may use it in a habeas corpus proceeding. Mot. for Writ of Mandamus, ECF No. 1. Nothing in Plaintiff's petition suggests that he is in imminent danger of serious physical injury. Thus, because Plaintiff has not alleged facts demonstrating that he was in imminent danger of serious physical injury when he filed his complaint, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

## II. Preliminary Review

Even if Petitioner was permitted to proceed *in forma pauperis*, his Petition would still be subject to dismissal. Because Petitioner is a prisoner "seeking redress from a

3

governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting a preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his petition, Petitioner seeks an order requiring the State of Georgia to provide him with hearing transcripts from his criminal trial. Even when liberally construed, Petitioner's application does not seek relief available from this Court, as the United States District Courts do not have the authority to issue writs compelling action by state officials

4

in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[2] *see also Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.") Accordingly, this Petition is subject to dismissal pursuant to 28 U.S.C. § 1915A(b).

## III. Conclusion

In sum, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* and also finds his Petition for mandamus relief should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Because it is possible that Petitioner may be able to seek relief for some of his claims pursuant to 42 U.S.C. § 1983, the dismissal of this mandamus petition is without prejudice to Petitioner's rights to refile his claims as a § 1983 case with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**SO ORDERED**, this 9th day of December, 2019.


                                      <u>S/ Marc T. Treadwell</u>
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT